IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br> vs.<br>ELISABETH COLE,<br>     Defendant. | Case No. A03-165 CR (JKS)<br><br>O R D E R |

  Elisabeth Cole has moved to modify and clarify her probation conditions. Docket No. 220. United States Magistrate Judge Roberts prepared a report and recommendation regarding the aforementioned motion. Docket No. 224. Judge Roberts recommends that the probation conditions be modified only to the extent that DNA collection be deferred until the Ninth Circuit decides her appeal, and that all other requests contained in the motion for modification or clarification be denied. The Court has reviewed the record de novo, exercised its independent judgment, and hereby adopts Judge Roberts' findings and conclusions.

  In addition, the Court makes the following observations. Dr. Cole objects to conditions of her supervised release requiring that she have a mental health evaluation and, if appropriate, submit to either inpatient or outpatient mental health treatment. Dr. Cole concedes that no regimen of treatment is currently prescribed, and that the question of her treatment will not be ripe until she completes any period of her sentenced imprisonment. In fact, so long as Dr. Cole's appeal is pending, it is not certain that she will ever be subjected to supervised release. Nevertheless, she relies upon a report by Dr. Bruce Smith, a psychologist who, in effect, concludes that Dr. Cole is not currently suffering from a major mental illness that could make her a danger to herself or others,

including potential patients, should her medical license be restored. The Court is not a mental health professional. However, the Court has observed Dr. Cole at length during her trial and related proceedings. While mental health evaluations should not be ordered as a matter of course where a criminal has no history of mental problems – and her crime does not suggest mental illness – there are many cases in which an appropriate protocol used to assist in reintroducing convicts into the community has been mental health evaluation. Although the Court has a great deal of respect for Dr. Smith, his opinion is not binding on the Court. Under the circumstances, Judge Roberts' proposed resolution of the issue appears appropriate. If Dr. Cole's conviction is affirmed and her sentence served, then further mental health evaluation would assist the Court in determining appropriate supervision upon Dr. Cole's release into the community. If a mental health evaluation at that time suggests that no further mental health treatment is appropriate, then none will be required.

IT IS THEREFORE ORDERED:

Defendant's Motion to Modify and Clarify Probation at **Docket No. 220** is **GRANTED IN PART**, to the extent that collection of a DNA sample will not be required until the Ninth Circuit has ruled on her appeal; in all other respects, the Motion is **DENIED**.

Dated at Anchorage, Alaska, this 18th day of January 2006.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER