**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ELISABETH ANNE COLE,<br><br>Defendant - Appellant. | No. 05-30035<br><br>D.C. No. CR-03-00165-JKS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief Judge, Presiding

Submitted December 9, 2005[**]
Seattle, Washington

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER[***], District Judge

---

[*]   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

[**]   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]   The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Dr. Elisabeth Anne Cole appeals the district court's judgment entered on jury verdicts finding her guilty of five counts of financial institution fraud under 18 U.S.C. § 1344(2), and one count of credit card fraud under 18 U.S.C. § 1029(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] Dr. Cole argues that the evidence presented by the government at trial was insufficient to support her convictions, and that the trial court improperly limited Dr. Cole's cross examination of John Hale, the government's forensic document expert.

We first address the sufficiency of the evidence underlying Dr. Cole's convictions for financial institution fraud. At trial, the government's forensic document expert testified that in his opinion Dr. Cole had forged her deceased mother's name on several checks that Dr. Cole used to procure goods and services for her personal use. The government also presented the testimony of Mark Johnston, a representative of Madeline Cole's credit union, that the credit union paid each of the merchants who presented one of the checks allegedly forged by Dr. Cole. Johnston also testified that the credit union was federally insured when it honored the pertinent checks. As for Dr. Cole's conviction for credit card fraud, the government introduced the testimony of Beverly Fenton, an employee of

---

[1] Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to understand our decision.

2

Citibank, that Dr. Cole was not authorized to use Madeleine Cole's credit cards. Fenton also testified that several businesses, including one located in New York, charged Madeleine Cole's credit accounts on the day Madeleine Cole died. One of the uses of the credit card for which Dr. Cole was convicted occurred after her mother's death and was for unusually expensive photography equipment. The credit card bill for that period was paid for with a check dated before Madeleine Cole's death that the jury could find was forged. Thus, there was ample circumstantial evidence that Dr. Cole's use of the credit card was unauthorized. In sum, viewing the evidence in the light most favorable to the government, a rational jury could have concluded beyond a reasonable doubt that Dr. Cole committed each element of the crimes for which she was convicted. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Turning next to Dr. Cole's cross examination of Hale, we review the district court's limitation of cross examination for abuse of discretion. *See United States v. Castellanos-Garcia*, 270 F.3d 773, 775 (9th Cir. 2001). We conclude that the district court did not abuse its discretion by ruling that Hale could not testify whether it would be legal for a person to write information on a check signed by another person. Hale was not a legal expert, and the court could properly limit or exclude Hale's testimony on legalities during cross examination. To the extent

that Cole's appeal may be considered a challenge to the admissibility of Hale's direct examination definition of "forgery," Cole did not object to Hale's direct testimony regarding the business definitions of, among other terms, "forgery" and "best evidence," and we would necessarily review her challenge to this direct testimony for plain error.[2] *See United States v. Valencia Amezcua*, 278 F.3d 901, 908 (9th Cir. 2002). We conclude that admitting Hale's testimony was not an error because Hale's testimony was relevant and probative.

Accordingly, we conclude that there was sufficient evidence to support the convictions and no abuse of discretion by the district court in its admission of expert testimony or limitation of cross examination.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JAN 3 0 2006
by: [signature]
Deputy Clerk

---

[2]We will correct a plain error only if: (1) there is error; (2) that is clear or obvious; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 734-36 (1993); *United States v. Bahe*, 201 F.3d 1124, 1127 (9th Cir. 2000).