# United States District Court
## for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Elisabeth A. Cole                              Case Number: A03CR0165

Sentencing Judicial Officer:        James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:          January 21, 2005

Original Offense:                   5 counts Financial Institution Fraud, 18 USC 1344(2); 1 count Credit Card Fraud, 18 USC 1029(a)(2)

Original Sentence:                  12 months custody and 3 years supervised release; DNA; mental health treatment; full financial disclosure; $32,879.96 restitution.

Date Supervision Commenced:         September 8, 2005

Asst. U.S. Attorney: Crandon Randell                    Defense Attorney: Anna Web

---

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision, "The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer," in that the defendant has repeatedly refused to cooperate with the probation officer in either reporting a legitimate address of residence and/or facilitating a home visit by the probation officer, effectively denying access.  This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant must make restitution to the Estate of Madeline Cole in the amount of $32,879.96," in that the defendant has failed to make any payments towards restitution since the commencement of supervision.  This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]   Revoked
    [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Petition for Warrant or Summons
Name of Offender : Elisabeth A. Cole
Case Number       : A03CR0165

Respectfully submitted,

_____
Michael Pentangelo
Senior U.S. Probation Officer
Date: April 13, 2006

Approved by:

_____
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[X] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

_____
For James K. Singleton   Chief Judge
Senior U.S. District Court Judge

4-20-06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-2-

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>vs.                                         )<br>)<br>)<br>Elisabeth A. Cole                      ) | Case Number: A03CR0165<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Elisabeth A. Cole, and in that capacity declare as follows:

The defendant was sentenced on January 21, 2005 to 12 months custody and 3 years supervised release with special conditions for DNA collection; mental health treatment; full financial disclosure; and 32,879.96 restitution. This sentence followed a conviction for 5 counts of Financial Institution Fraud, in violation of 18 USC 1344(2) and Credit Card Fraud, in violation of 18 USC 1029(a)(2)

The defendant commenced supervised release on September 8, 2005.

Since the commencement of supervision, the defendant has articulated her refusal to abide by the conditions of supervision as imposed by the Court on numerous occasions to several different probation officers. Notably, the defendant conversed with Supervising U.S. Probation Officer (SUSPO) Eric Odegard on September 13, 2005 and specifically stated that she would "never follow any rules", would disregard authority, and is perfectly willing to go back to jail. On September 14, 2005, the defendant, accompanied by her attorney, Darryl Jones, reported to the U.S. Probation Office and met with the author of this report and SUSPO Odegard. The defendant reinforced her refusal to abide by the rules of supervision and all parties reached the conclusion that Mr. Jones was going to file a motion requesting a status conference before the Court to address this issue.

On September 15, 2005, the probation officer was contacted by attorney, Anna Webb, who advised that she was representing the defendant on her appeal and is confident that the defendant is now willing to cooperate with the probation officer in addressing her legal responsibilities. However, the defendant takes issue with some of the conditions imposed by the Court, to include the obligation for mental health treatment; employment requirement; DNA collection; and restitution. A motion requesting clarification of these conditions of supervision was filed by Ms. Webb. Ultimately, the defense's motion was denied with the

exception of the requirement of DNA collection which was stayed pending the outcome of the defendant's appeal.

Since the commencement of supervision, the defendant has remained defiant despite the probation officer endeavor to facilitate the defendant's cooperation with her legal obligations. The probation officer has remained in contact with the defendant's attorney on several occasions to further facilitate this matter, to no avail.

The defendant has effectively refused the probation officer access to her address of residence on several occasions. Moreover, the defendant has been less then cooperative in providing accurate address of residence or whereabouts. Namely, the defendant provided a false address on her Monthly Supervision report for December 2005 stating that she resided at 16500 Spruce Street, #856 in Palmer, Alaska. On January 12, 2006, the probation officers attempt to verify this residence and conduct a home visit revealed that this reported residence was not the defendant's residence but a mail drop. Thereafter, the probation officer contacted the defendant and advised her that her reported residence was inaccurate. The defendant stated that she had since moved and provided an address of 17350 Doris Mae in Palmer, Alaska. The probation officer confronted the defendant with the fact that she must provide a legitimate address where she can be located. The defendant's response was that the only information she can provide is what she is being told by others  The probation officer warned the defendant that if this reported address is incorrect or if any further resistance is met regarding the requirement to grant access to the residence, a petition to revoke supervision will be filed with the Court.

On April 12, 2006, probation officers attempted to locate the defendant's reported residence at 17350 Doris Mae in Palmer. In route, probation officer's encountered a road which prohibited further access via No Trespass signs as posted by property owner. As such, the probation officer contacted the defendant telephonically to request assistance in locating her residence. The defendant refused to cooperate and stated that we were unwelcome and would not be granted access. As such, efforts to locate the defendant were ceased.

The defendant has made only one $25 payment on June 13, 2005 which was applied to her $600 special assessment fee. The defendant has made no payments towards her restitution, or her special assessment fee for that matter, since the commencement of supervision.

Executed this 13th day of April, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

_____
Michael Pentangelo
Senior U.S. Probation Officer